JOHN W. SPIEGEL (SBN 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
LORRAINE L. ABDULAHAD (SBN 349971)
lorraine.abdulahad@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100

Attorneys for Defendants
EDISON INTERNATIONAL,
SOUTHERN CALIFORNIA EDISON
COMPANY, PEDRO J. PIZARRO,
and MARIA RIGATTI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS ELLIOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDISON INTERNATIONAL, SOUTHERN CALIFORNIA EDISON COMPANY, PEDRO J. PIZARRO, and MARIA RIGATTI,<br><br>Defendants. | Case No. 2:25-cv-01383-ODW-DFM<br><br>CLASS ACTION<br><br>REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF INCORPORATED DOCUMENTS<br><br>Filed concurrently:<br><br>- Notice of Motion & Motion to Dismiss<br>- Memorandum of Points & Authorities<br>- Declaration of Lorraine L. Abdulahad<br>- [Proposed] Order<br><br>Judge:    Hon. Otis D. Wright, II<br>Date:     October 27, 2025<br>Time:     1:30 p.m.<br>Ctrm:     5D |

REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF INCORPORATED DOCUMENTS

When evaluating a complaint under the Private Securities Litigation Reform Act, the Court "must consider the complaint in its entirety, as well as … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) ("We may also consider 'materials incorporated into the complaint by reference' and any 'matters of which we may take judicial notice.'"); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) ("In reviewing the sufficiency of a complaint, we limit ourselves to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice."); *Diaz v. N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) ("The Supreme Court has explicitly noted the importance of considering such materials in evaluating a securities complaint.").

In support of their motion to dismiss the Consolidated Complaint (Complaint), Defendants respectfully request that the Court take judicial notice of, and/or consider as incorporated by reference, the following exhibits to the Declaration of Lorraine L. Abdulahad, all of which are subject to judicial notice, and all but two of which are incorporated by reference in the Complaint:

| SEC Filings | |
| --- | --- |
| Ex. 1 | Edison Int'l FY 2020 SEC Form 10-K (filed Feb. 25, 2021) |
| Ex. 2 | Edison Int'l FY 2023 SEC Form 10-K (filed Feb. 22, 2024) |
| Ex. 3 | Edison Int'l Q3 2024 SEC Form 10-Q (filed Oct. 29, 2024) |

**Exhibits 1–3** are Edison International's filings with the U.S. Securities and Exchange Commission (SEC), which are publicly available on the SEC's website. Courts routinely take judicial notice of SEC filings. *See, e.g.*, *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings is "proper"); *Ryan v. FIGS, Inc.*, 2024 WL 187001, at *5 (C.D. Cal. Jan. 17, 2024) (Wright, J.) ("[T]he Court may properly take judicial notice of SEC filings,

-1-

as they are 'public disclosure documents required by law to be filed.'"); *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *1 n.1 (C.D. Cal. Apr. 23, 2020) (judicial notice of SEC filings); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) ("It is well-established that courts may take judicial notice of SEC filings.").

In addition, Exhibits 1–2 are incorporated by reference because they are relied on in the Complaint and contain alleged false or misleading statements.  ¶87 (**Ex. 1**); ¶¶9, 87 n.6 (**Ex. 2**).  *See, e.g.*, *In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020) (SEC filings incorporated by reference).

| Investor Presentations and Call Transcripts | |
| --- | --- |
| Ex. 4 | Presentation, Edison Int'l Q3 2021 Financial Results (Nov. 2, 2021) |
| Ex. 5 | Presentation, Edison Int'l FY 2022 Financial Results (Feb. 23, 2023) |
| Ex. 6 | Transcript, Edison Int'l Q1 2021 Earnings Call (Apr. 27, 2021) |
| Ex. 7 | Transcript, Edison Int'l Q3 2022 Earnings Call (Nov. 1, 2022) |

**Exhibits 4–7** are investor presentations and transcripts of investor calls.  Courts routinely take judicial notice of investor presentations and call transcripts.  *See, e.g.*, *Ryan v. FIGS, Inc.*, 2025 WL 71727, at *5 (C.D. Cal. Jan. 10, 2025) (Wright, J.) (judicial notice of investor presentation as "information that was publicly available to reasonable investors") (citation omitted); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (similar), *aff'd*, 794 F. App'x 669 (9th Cir. 2020).

In addition, Exhibits 4–7 are incorporated by reference because they are relied on in the Complaint.  ¶¶89–90 (**Ex. 4**); ¶¶95–96 (**Ex. 5**); ¶¶115, 117 (**Ex. 6**); ¶115 (**Ex. 7**).  *See, e.g.*, *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. Dec. 30, 2020) ("investor presentation transcripts" incorporated by reference); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *3 (N.D. Cal. June 19, 2020) ("investor call transcripts, conference presentation transcripts" incorporated by reference).

REQUEST FOR JUDICIAL NOTICE  AND CONSIDERATION OF INCORPORATED DOCUMENTS

| CAISO Publications and Regulatory Filings | |
|---|---|
| Ex. 8 | CAISO, 2021-2022 Transmission Plan (Mar. 17, 2022) |
| Ex. 9 | CAISO Press Release, "California ISO Board approves transmission plan for next 10 years" (Mar. 18, 2022) |
| Ex. 10 | Southern California Edison, 2023 to 2025 Wildfire Mitigation Plan (Mar. 27, 2023) |
| Ex. 11 | Southern California Edison, "Public Safety Power Shutoff (PSPS) Post-Event Report: January 20, 2025" (Mar. 10, 2025) |

**Exhibits 8–11** are publications of the California Independent System Operator (CAISO), available on its website, and filings by Southern California Edison with the California Office of Energy Infrastructure Safety (OEIS) and the California Public Utilities Commission (CPUC), available on the websites of OEIS and the CPUC. "[P]ublic records from the CPUC are properly subject to judicial notice." *Citizens Oversight, Inc. v. Cal. Pub. Util. Comm'n*, 2015 WL 13649247, at *2 (S.D. Cal. Apr. 16, 2015) (citing cases); *see, e.g.*, *Wilson v. Edison Int'l*, 2016 WL 7469601, at *6 (C.D. Cal. July 6, 2016) (judicial notice of "CPUC public records"); *Verizon Cal., Inc. v. O1 Commc'ns, Inc.*, 2014 WL 12691615, at *1 n.1 (C.D. Cal. Apr. 21, 2014) ("judicial notice of the cited CPUC filings, which are public records whose accuracy is not subject to reasonable dispute"). Courts also take judicial notice of material on the internet to show that it was publicly available. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."); *Patel v. Parnes*, 253 F.R.D. 531, 546–47 (C.D. Cal. 2008) ("[C]ourts in the Ninth Circuit routinely grant judicial notice of press releases."); *In re Agribiotech Sec. Litig.*, 2000 WL 35595963, at *2 (D. Nev. Mar. 2, 2000) ("official government or company documents may be judicially noticed insofar as they are available via the worldwide web").

In addition, Exhibits 8 and 10–11 are incorporated by reference because they are relied on in the Complaint. ¶¶16, 41–46, 49, 52, 60, 68, 75, 78, 107 (**Ex. 8**); ¶¶14, 24–26, 29–30, 46, 48, 50, 54–56, 60, 87, 107, 115, 117–119, 132 (**Ex. 10**); ¶69 (**Ex. 11**). *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (court may

-3-

"take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'") (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)); *Bhangal v. Hawaiian Elec. Indus., Inc.*, 2024 WL 4505465, at *6 (N.D. Cal. Oct. 15, 2024) (wildfire mitigation plan filed with public utilities commission incorporated by reference); *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) ("[w]here a document has been incorporated by reference in a complaint, a court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)" and "can consider the entire document, not simply the portion on which plaintiffs rely") (citations omitted).

| Analyst Reports | |
|---|---|
| Ex. 12 | Fitch Ratings, "Fitch Affirms Edison's and Southern California Edison's IDRs at 'BBB'; Outlook Stable" (Dec. 13, 2024) |
| Ex. 13 | Morgan Stanley, "Fire Risk Deep Dive: Too Much Risk for Investors to Bear" (Feb. 14, 2025) |
| Ex. 14 | J.P. Morgan, "Eaton Fire 'Probable' Material Loss Expectations Outlined in a Negative Update" (Apr. 29, 2025) |

**Exhibits 12–14** are analyst reports regarding Edison. Courts "routinely take judicial notice of analyst reports." *In re Century Aluminum Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 704 F.3d 1119 (9th Cir. 2013) *and aff'd*, 729 F.3d 1104 (9th Cir. 2013); *see Par Inv. P'rs, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017) (judicial notice of analyst reports); *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) ("[c]ourts routinely take judicial notice" of analyst reports); *Wyatt v. Mattel, Inc.*, 2020 WL 364324, at *3 (C.D. Cal. Jan. 21, 2020) (judicial notice of analyst reports); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) ("[T]he Court may also take judicial notice of other matters of public record such as … analyst reports[.]").

In addition, Exhibits 12–14 are incorporated by reference because they are relied on in the Complaint.  ¶128 (**Ex. 12**); ¶167 (**Ex. 13**); ¶173 (**Ex. 14**).  *See, e.g.*, *Johnson v. Costco Wholesale Corp.*, 2019 WL 6327580, at *13 (W.D. Wash. Nov. 26, 2019) (analyst reports incorporated by reference).

| News Article and Moody's Publication | |
|---|---|
| Ex. 15 | Los Angeles Times, "Edison knew that cutting power was fire risk; Records show utility was told in 2022 that emergency shutdown could overload lines" (Feb. 14, 2025) |
| Ex. 16 | Moody's, Case Study, "Wildfire Risk: Quantifying the Impact of Mitigation Measures in the Power Sector" (2024) |

**Exhibits 15–16** are a newspaper article regarding Edison and a publication by Moody's, available on the Moody's website.  Courts routinely take judicial notice of news articles to show that information in them was publicly available.  *See Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) (judicial notice of news articles to "indicate what was in the public realm at the time"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants."); *Ardolino v. Mannkind Corp.*, 2016 WL 4505172, at *4 (C.D. Cal. Aug. 23, 2016) ("Federal courts routinely take judicial notice of press releases, news articles, SEC filings, and conference call transcripts cited in securities complaints."); *Trujillo v. Ametek, Inc.*, 2015 WL 7313408, at *4 (S.D. Cal. Nov. 18, 2015) ("Press coverage and news articles are also judicially noticeable under Rule 201.").  The publication by Moody's also is publicly available on its website.  *See, e.g.*, *Threshold Enters.*, 445 F. Supp. 3d at 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed.").

In addition, Exhibits 15–16 are incorporated by reference because they are relied on in the Complaint.  ¶¶164–166 (**Ex. 15**); ¶¶51–52 (**Ex. 16**).  *See, e.g.*, *Ixia*, 2015 WL 1775221, at *14.

-5-

REQUEST FOR JUDICIAL NOTICE  AND CONSIDERATION OF INCORPORATED DOCUMENTS

DATED:  July 31, 2025

MUNGER, TOLLES & OLSON LLP
JOHN W. SPIEGEL
JOHN M. GILDERSLEEVE
LORRAINE L. ABDULAHAD


By:   _/s/ John M. Gildersleeve_
JOHN M. GILDERSLEEVE

Attorneys for Defendants
EDISON INTERNATIONAL,
SOUTHERN CALIFORNIA EDISON
COMPANY, PEDRO J. PIZARRO,
and MARIA RIGATTI

-6-