JOHN W. SPIEGEL (SBN 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
LORRAINE L. ABDULAHAD (SBN 349971)
lorraine.abdulahad@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100

Attorneys for Defendants
EDISON INTERNATIONAL,
SOUTHERN CALIFORNIA EDISON
COMPANY, PEDRO J. PIZARRO,
and MARIA RIGATTI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS ELLIOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDISON INTERNATIONAL, SOUTHERN CALIFORNIA EDISON COMPANY, PEDRO J. PIZARRO, and MARIA RIGATTI,<br><br>Defendants. | Case No. 2:25-cv-01383-ODW-DFM<br><br>CLASS ACTION<br><br>REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF INCORPORATED DOCUMENTS<br><br>Filed concurrently:<br><br>- Reply in Support of Motion to Dismiss Consolidated Complaint<br><br>Judge: Hon. Otis D. Wright, II<br>Date: October 27, 2025<br>Time: 1:30 p.m.<br>Ctrm: 5D |

Plaintiffs ask the Court to disregard the actual text of documents that Plaintiffs quote or paraphrase in the Complaint. The Court need not consider *any* exhibit in order to dismiss the Complaint, which fails in multiple ways to meet the exacting pleading standards of the PSLRA and Rule 9(b). Nonetheless, Plaintiffs' arguments all fail.

***First***, although Plaintiffs fill 14 pages, what they do *not* say is most important. They do not dispute the authenticity of any exhibit. They do not dispute that courts routinely and properly consider similar materials at the pleading stage of securities class actions to show what information was publicly available. They do not oppose incorporation by reference of Exhibits 1–7. RJN Opp. 14. Nor do they raise exhibit-specific objections to judicial notice of those seven exhibits. *Id.* 8.

***Second***, Plaintiffs engage in misdirection by faulting Defendants for not listing "specific facts" in the exhibits to be noticed. RJN Opp. 6. Defendants seek judicial notice that the exhibits were publicly available, not of the truth of disputed matters within them. *E.g.*, RJN 2 ("information that was publicly available to reasonable investors") (quoting *Ryan v. FIGS, Inc.*, 2025 WL 71727, at *5 (C.D. Cal. Jan. 10, 2025) (Wright, J.)); *id.* 3 ("to show that it was publicly available"); *id.* 5 ("to show that information in them was publicly available").

Plaintiffs do not, and cannot, dispute that judicial notice is proper to show that information was publicly available. *See, e.g.*, *Ryan*, 2025 WL 71727, at *5 ("In ruling on a motion to dismiss under the PSLRA, the court may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements."); *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at *4 (N.D. Cal. July 2, 2024) (judicial notice *"for the purpose of considering what was disclosed to the market"*); *Lowe v. Tandem Diabetes Care Inc.*, 2024 WL 1898473, at *4 (S.D. Cal. Apr. 30, 2024) (judicial notice *"to establish what information was in the public realm"*); *Ng v. Berkeley Lights, Inc.*, 2024 WL 695699, at *4 (N.D. Cal. Feb. 20, 2024) ("the Ninth Circuit has explained that courts may take

-1-

judicial notice of documents *to show 'that the market was aware of the information contained' in those documents*"); *Kampe v. Volta Inc.*, 2024 WL 308262, at \*7 (N.D. Cal. Jan. 26, 2024) ("It is routine for a Court to take judicial notice of those types of documents *for the purpose of determining what information was available to the market*."); *Joyce v. Amazon.com, Inc.*, 2023 WL 8370101, at \*3 (W.D. Wash. Dec. 4, 2023) (judicial notice "*for the limited purpose of recognizing that these documents were within the public realm*"); *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at \*8 (C.D. Cal. Mar. 5, 2021) (judicial notice "that the information contained in sources such as news articles, press releases, and webpages *was available to the public*"); *see also In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1186 n.4 (9th Cir. 2024) ("We take judicial notice of this document, which is publicly available on the FCC website, *for the proposition that the information available to the public included regular FCC-Intelsat meetings*.") (all emphasis added).

***Third***, in arguing that Defendants "submit documents for their truth to dispute the Complaint's well-pleaded facts," RJN Opp. 1, Plaintiffs misapply *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). There, the Ninth Circuit reiterated that "in assessing securities fraud claims, 'courts *must consider* the complaint in its entirety, *as well as* other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, *documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*.'" *Id.* at 998 (emphasis added). It explained that judicial notice and incorporation by reference "have roles to play at the pleading stage" and do not entail conversion to summary judgment. *Id.* While it flagged the risk of overusing the doctrines "in SEC fraud actions" where "defendants possess materials to which the plaintiffs do not yet have access," *id.*; *see* RJN Opp. 1 (quoting this language), all of the exhibits *here* are public. *See In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 919–20 (N.D. Cal. 2020) ("Nor is there any dispute about the public nature of those documents, all of which are distinguishable from the documents considered in *Khoja* because those were in

the 'sole possession' of the defendants.'").

As to incorporation by reference, the Ninth Circuit held that plaintiffs may not "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. It held: "[A] court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).' … While this is generally true, it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. But: "When a *general conclusion* in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, *those specific facts are controlling.*" *In re Finjan Holdings, Inc. Sec. Litig.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) (emphasis added).

Plaintiffs therefore "oversimplify *Khoja*," which "does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiffs' *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). "Although the truth of an incorporated document may not be considered *solely* to dispute *well-pled* facts, the Court need not accept as true *conclusory* allegations that are contradicted by documents referenced in the complaint." *Kampe v. Volta Inc.*, 2024 WL 4534732, at *4 (N.D. Cal. Oct. 21, 2024); *see In re PG&E Corp. Sec. Litig.*, 2025 WL 2781745, at *9 (N.D. Cal. Sept. 30, 2025) (defendants are not "using the document to dispute well-pled facts," as "incorporation by reference doctrine exists to prevent plaintiffs from surviving a motion to dismiss using selective citation"); *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporated documents do not "dispute facts stated in a well-pleaded complaint," but "properly provide a basis for [defendant's] argument that Plaintiffs sometimes inaccurately characterize the contents of those documents").

Plaintiffs' misreading of *Khoja* belies their objections to each of Exhibits 8–10 and 12–16.

**Exhibits 8–10, 15.**  Plaintiffs argue that these exhibits "directly contradict the Complaint's allegations … that CAISO concluded that certain of SCE's transmission lines were too essential to be shut off" and "that link the CAISO study to the fact that SCE could not de-energize critical transmission lines."  RJN Opp. 8–9.  But Plaintiffs offer *conclusory allegations*, not *well-pleaded facts*, about a "link" or "conclu[sion]."  Likewise, these exhibits do not support a "premature truth-on-the-market defense," *id.* 11, because Plaintiffs fail to *plead* that they were not public.  Courts routinely take judicial notice that information was publicly available without any mention of such a defense.  *See* pages 1–2 above.

**Exhibits 12–13.**  Plaintiffs argue that these exhibits cannot show that "investors believed" the probabilities were estimates, RJN Opp. 12, but Plaintiffs do not *plead* that investors believed otherwise.  Nor could they, since the probabilities were labeled "estimates."  *E.g.*, ¶¶89–93, 103–106.

**Exhibit 14.**  No well-pleaded fact supports Plaintiffs' apparent view that Eaton Fire investigations are not "still ongoing."  RJN Opp. 13.  Because Plaintiffs cite a document showing that investors understood otherwise, the Court can consider it.

**Exhibit 16.**  No well-pleaded fact supports Plaintiffs' conclusory assertion that "SCE selectively supplied the data" to yield "overstated" risk reduction.  RJN Opp. 10.  The document cited in the Complaint on this point does not support it.

**Exhibit 11.**  Because Plaintiffs have clarified the Complaint's reference, RJN Opp. 5, Defendants withdraw their request to consider Exhibit 11 and do not object to Plaintiffs' substitute, Exhibit 1 to the Alpert Declaration.  That exhibit confirms Plaintiffs' allegation, ¶78(b), that Edison de-energized Eaton Canyon transmission lines on other dates, *see* Alpert Decl. Ex. 1-9—which negates Plaintiffs' conclusory assertion that Edison "could not" de-energize them, *e.g.*, RJN Opp. 8.

-4-

DATED:  October 6, 2025

MUNGER, TOLLES & OLSON LLP
    JOHN W. SPIEGEL
    JOHN M. GILDERSLEEVE
    LORRAINE L. ABDULAHAD


By:     _/s/ John M. Gildersleeve_
    JOHN M. GILDERSLEEVE

Attorneys for Defendants
EDISON INTERNATIONAL,
SOUTHERN CALIFORNIA EDISON
COMPANY, PEDRO J. PIZARRO,
and MARIA RIGATTI

REPLY ISO REQUEST FOR JUDICIAL NOTICE  AND CONSIDERATION OF INCORPORATED DOCUMENTS