JOHN W. SPIEGEL (SBN 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
LORRAINE L. ABDULAHAD (SBN 349971)
lorraine.abdulahad@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100

Attorneys for Defendants
EDISON INTERNATIONAL,
SOUTHERN CALIFORNIA EDISON
COMPANY, PEDRO J. PIZARRO,
and MARIA RIGATTI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS ELLIOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDISON INTERNATIONAL, SOUTHERN CALIFORNIA EDISON COMPANY, PEDRO J. PIZARRO, and MARIA RIGATTI,<br><br>Defendants. | Case No. 2:25-cv-01383-ODW-DFM<br><br>CLASS ACTION<br><br>RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY<br><br>Judge: Hon. Otis D. Wright, II<br>Date: October 27, 2025<br>Time: 1:30 p.m.<br>Ctrm: 5D |

Plaintiffs' three-page, 847-word Notice of Supplemental Authority is both procedurally improper and misleadingly incomplete.

*First*, the Notice is improper. "A notice of supplemental authority should include only a copy of or citation to a recently published case, and should not include additional arguments unless leave to do so is granted." *Prodanova v. H.C. Wainwright & Co.*, 2018 WL 8017791, at *3 n.3 (C.D. Cal. Dec. 11, 2018); *see, e.g.*, *Grant v. Gastelo*, 2024 WL 2880222, at *3 n.8 (C.D. Cal. Apr. 9, 2024) (notice "procedurally defective" because "instead of merely providing the case name(s) and reporter cite(s), [it] includes several pages of argument explaining why the authority is relevant"); *Bruers v. Flowers Foods, Inc.*, 2019 WL 5867434, at *1 n.1 (C.D. Cal. Aug. 7, 2019) (striking notice with "two additional pages" of argument as "effectively violat[ing] Local Rule 11-6's strict 25-page limit"); *Nichols v. Harris*, 17 F. Supp. 3d 989, 996 n.3 (C.D. Cal. 2014) ("a copy of or a citation to a recently published case is proper" but "explaining why the case is relevant is not"), *vacated on other grounds*, 2022 WL 4295404 (9th Cir. Sept. 12, 2022).

Nor can Plaintiffs' counsel claim ignorance. Last year, in another securities class action in this district, the same firm cited *Prodanova* in moving to strike a *130-word* notice of supplemental authority as "improper argument." *Loc. 272 Lab.-Mgmt. Pension Fund v. Walt Disney Co.*, No. 2:23-cv-03661-CBM, ECF No. 93 (C.D. Cal. Apr. 22, 2024). The Notice here is over six times as long.

*Second*, the Notice omits that: (1) in *Alghazwi v. Beauty Health Co.*, 2025 WL 2751076 (C.D. Cal. Sept. 23, 2025), scienter rested on "six Former Employees" who described specific meetings, reports, emails, databases, and warehouse tours showing CEO and CFO knowledge, *id.* at *1, 12; and (2) the unpublished memorandum disposition in *Jaeger v. Zillow Grp.*, 2025 WL 2741642 (9th Cir. Sept. 26, 2025), addressed class certification on an evidentiary record, not a pleading failure under the PSLRA.

-1-

DATED:  October 6, 2025

MUNGER, TOLLES & OLSON LLP
    JOHN W. SPIEGEL
    JOHN M. GILDERSLEEVE
    LORRAINE L. ABDULAHAD


By:    _/s/ John M. Gildersleeve_
    JOHN M. GILDERSLEEVE

Attorneys for Defendants
EDISON INTERNATIONAL,
SOUTHERN CALIFORNIA EDISON
COMPANY, PEDRO J. PIZARRO,
and MARIA RIGATTI

-2-